Chicago & Northwestern Railway Company, Appellant, v. City of Clinton and Board of Equalization, Appellees.

State Boundary: CHANNEL OF MISSISSIPPI RIVER: TAXATION OF BRIDGE. The boundary line between the states of Iowa and Illinois is the middle of the main navigable channel, or channel most used, of the Mississippi river, and not the middle of the great bed of the stream as defined by its banks. Accordingly, where a railroad bridge was constructed from the Iowa shore across a channel of said river to a permanent island, and thence across another channel to the other shore, and the first named channel was the main one, having the greater depth of water, and being the one generally used for navigation, *held*, that the middle of such channel was the boundary line between the states, and that only so much of said bridge as was west of that line was taxable in Iowa.

*Appeal from Clinton District Court.*—HON. A. HOWAT, Judge.

WEDNESDAY, MAY 17, 1893.

THIS is an appeal by the plaintiff from an order of the district court affirming an assessment for taxation upon the plaintiff's railroad bridge across the Mississippi river at the city of Clinton.—*Reversed.*

*E. S. Bailey* and *A. P. Barker*, for appellant.

*C. W. Chase* and *Geo. B. Phelps*, for appellees.

ROTHROCK, J.—It is conceded by the appellant that the part of the said bridge which is situated in this state is subject to taxation by the city of Clinton. But it is claimed that the board of equalization assessed not only that part of the bridge situated in this state, but also part of the structure located in the adjoining state of Illinois. The cause was submitted to the court below upon the following stipulation: "It is hereby stipulated and agreed that the only question to be tried and determined on this appeal is at which point in the Mississippi river where the plaintiff's railway bridge crosses the same is the middle or main channel of said river, and, if it is determined that said middle of the main channel of said river is the middle of the channel between the Iowa shore and the west bank of Little Rock island, then the order or resolution passed by said defendant changing the assessment of said plaintiff's railway bridge from fifteen thousand to twenty thousand dollars shall be set aside, and the assessment shall stand as it was before said change was made, to wit, at fifteen thousand dollars, but if, on the contrary, it shall be held and decided that said middle of the main channel of said river lies east of the middle of the channel of said river between said Iowa shore and the said Little Rock island, then said assessment shall stand at twenty thousand dollars.

The bridge in question is located opposite to the city of Clinton. It is constructed across a channel of

the river to Little Rock island, and across the island to another channel, and across that to the main land in the state of Illinois. Little Rock island is a permanent island, and not shifting and variable, like sandbars in the river. It is well defined and contains about forty acres of land. It is shown by the evidence beyond all question that the channel on the west side of the island is the main channel. It has a greater depth of water than the east channel, and is the one generally used for the purposes of navigation. The rules adopted by this court and the supreme court of Illinois in reference to the boundary lines of the respective states are not in accord. See *Dunlieth & D. Bridge Co. v. County of Dubuque*, 55 Iowa, 558, and *Buttenuth v. St. Louis Bridge Co.*, 123 Ill. 535, 17 N. E. Rep. 439. By reason of this conflict of views an action was brought by the state of Iowa against the state of Illinois to determine the boundary line between the two states along the course of the Mississippi river. That case has recently been determined by the supreme court of the United States, and it is held by that court that the boundary line is the middle of the main navigable channel, or channel most used, and not the middle of the great bed of the stream, as defined by the banks of the river. See *State of Iowa v. State of Illinois*, 13 Sup. Ct. Rep. 239. This determination of the question is authoritative, and must be followed, and the result is that the middle of the channel between the Iowa shore and the west bank of Little Rock island is the true boundary line for the purposes of taxation and other governmental purposes.

As the district court found the line to be east of that point, the judgment is REVERSED.